# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| GARY SCOT MITCHELL and BONNIE L. MITCHELL,<br><br>          Plaintiffs,<br><br>     vs.<br><br>WHEATLAND MEMORIAL HEALTHCARE,<br><br>          Defendant. | Case No.: CV-11-50-RFC-CSO<br><br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiffs Gary Scot Mitchell and Bonnie L. Mitchell [collectively, Mitchells] filed a Motion for Judgment on the Pleadings. *Court Doc. 18*. Defendant Wheatland Memorial Healthcare [WMH] opposes the motion. For the reasons stated below, the motion will be denied.

## I.     PROCEDURAL BACKGROUND

The Court has diversity jurisdiction. 28 U.S.C §1332 (2011); *see Court Doc.s 13, 14*). Pursuant to the parties' consent, this case was assigned to the undersigned judge for all further proceedings. *Court Doc. 10.* Now pending is Mitchells' motion for judgment on the

pleadings. *Court Doc. 18.* Before the motion was fully briefed, Mitchells also filed an unopposed motion for leave to file a third amended complaint. *Court Doc. 26.* After that motion was filed, the Court held a preliminary pretrial conference. *Court. Doc. 28.* At that conference the parties agreed that the Court should rule on the pending motion for judgment on the pleadings, considering the most recently amended pleadings.

The Court subsequently granted Mitchells' motion to file a Third Amended Complaint ("TAC") (*Court Doc. 31*) and allowed WMH to file a sur-reply to Mitchells' reply brief on the motion for judgment on the pleadings. *Court Doc. 32* at 2. WMH filed its sur-reply and its answer to the TAC on November 1, 2011. *Court Doc. 36; Court Doc. 37.* The matter is now ripe, and the Court bases its decision on the most recent pleadings: *Court Doc. 29* (TAC); *Court Doc. 36* (WMH's Amended Answer to TAC).

## II.     FACT BACKGROUND

The TAC alleges that Plaintiff Scot Mitchell was WMH's chief executive officer. On June 7, 2005, WMH and Mitchells entered into a Lease Option Agreement ["Agreement"] attached to the TAC as Exhibit

B.  The Agreement was amended on January 1, 2009, which amendment is attached to the TAC as Exhibit C.  *Court Doc. 29 at 2-3.*

Mitchells contend that the Agreement granted to them an option to purchase a house and contained a provision for determining the purchase price of the home once the option was exercised.  Mitchells allege that they exercised the purchase option but WMH refused to sell the property to Mitchells in accordance with the Agreement.  *Id. at 2-4.*  The TAC asserts three claims:  (1) breach of contract; (2) breach of the duty of good faith and fair dealing; and (3) specific performance.  *Id. at 4-5.*

In its answer, WMH admits that the Agreement was signed as alleged but denies that the Agreement's option to purchase was authorized, agreed to or entered into by WMH.  *Court Doc. 36 at 2.*  WMH affirmatively alleges that the Mitchells had actual knowledge that Leon Lammers and Dean Blomquist, who signed the 2005 Agreement for WMH, did not have authority to execute the option.  *Id. at 3.*  WMH alleges that the option was not authorized and not agreed to by WMH.  *Id.*  WMH also raises several affirmative defenses, including mistake, fraud, conflict of interest, failure to mitigate

3

damages, and repudiation of the Agreement by Mitchells.  *Id. at 4-6.*

**III.**     **LEGAL STANDARD**

When considering a motion for judgment on the pleadings, the Court must accept as true the fact allegations of the non-moving party, here WMH.  *Austad v. U.S.*, 386 F.2d 147, 149 (9th Cir 1967).  Where the fact allegations of the Mitchells as the moving party have been denied by WMH, they are taken as false.  *Id.* (*citing Wyman v. Wyman*, 109 F.2d 473, 474 (9th Cir. 1940)).  The motion can be granted only if it appears that on the admitted facts the movant is clearly entitled to prevail as a matter of law.  *See also Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009); *Doleman v. Meigi Mut. Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir. 1984).

A plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery.  Similarly, if the defendant's answer raises an affirmative defense it will usually bar judgment on the pleadings.  *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th Cir.1989).

## IV.     THE PARTIES' ARGUMENTS

### A.     Mitchells' Arguments

Mitchells move for judgment on the pleadings "with respect to Defendant's contractual liability." *Court Doc. 18 at 1.* Mitchells argue that, applying Montana contract and agency law to the undisputed facts, WMH's contractual liability is clear. *See Court Doc. 19 at 8-9.* Mitchells contend that any issues regarding the validity of the underlying agreement were resolved when WMH ratified the agreement by executing an amendment. They further contend that the affirmative defenses of fraud and mistake do not preclude granting their motion because WMH did not promptly rescind the agreement, but rather acquiesced in it. They conclude that WMH's breach-of-contract defense fails as a matter of law because WMH failed to plead the defense "with sufficient particularity" *(Court Doc. 30 at 11)* and because WMH ratified the contract.

### B.     WMH's Arguments

WMH contends that Mitchells' motion should be denied based on the denials in its answer to the TAC and also based on the affirmative defenses alleged therein. It argues that Mitchells are mistaken when

5

they suggest that WMH must, at this juncture, provide facts to support its assertions. Rather, a motion for judgment on the pleadings does not require presentation of facts. *Court Doc. 37 at 2-3.*

## V.  DISCUSSION

The Court recognizes that the Mitchells believe that the facts will establish that they are entitled to recovery here. But, at this juncture, the Court is not permitted to resolve disputed facts. As set forth above, in deciding a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the Court generally must look to the pleadings alone, construing them against the moving party. If the Court were to consider matters outside the pleadings, the motion must be treated as a motion for summary judgment. *Fed. R. Civ. P. 12(d); Olsen v. Idaho State Bd. Of Medicine*, 363 F.3d 916, 921-22 (9th Cir. 2004). The Court declines to convert this motion to a motion for summary judgment, and notes that neither party has so requested.

The Court concludes that WMH has presented at least some defenses and affirmative defenses that, if proved, would defeat Mitchells' claims. For example, WMH specifically denies that the option set forth in the Agreement was authorized, agreed to or entered

6

into by WMH. *Court Doc. 36 at 2, ¶ 4.* WMH affirmatively alleges that the Mitchells "had actual knowledge that Leon M. Lammers and Dean Blomquist did not have authority to execute the option." *Id. at 2-3.* WMH alleges that the option set forth in the agreement was "not authorized and not agreed to by defendant." *Id. at 3, ¶ 5.* WMH denies that it "amended or ratified any portion of the lease option agreement other than Section 8(A)" and raises the affirmative defenses of fraud and mistake. *Id. at 2, 4, 5.* The question of whether these defenses have merit will be decided another day. But they do present fact issues that preclude judgment on the pleadings.

Mitchells argue that WMH should not be permitted to admit that its agents signed the Agreement, but deny that it is bound by the option provision in it, relying on M.C.A. § 35-2-444. *Court Doc. 30 at 2-4.* But that statute only applies if the Mitchells did not have "actual knowledge … that the signing officers did not have authority to execute the contract…." WMH alleges that the Mitchells had such knowledge, and the Court is bound to accept that allegation as true for purposes of ruling on this motion. *See also M.C.A. § 28-10-605.*

Mitchells also contend that, as a matter of law, WMH ratified the Agreement by amending it in 2009, thus curing the defects raised by WMH. WMH responds that nothing was done to validate the option, but rather the amendment related only to the lease portion of the Agreement and not to the option. WMH has affirmatively denied that it ratified any portion of the Agreement other than Section 8(A). *Court Doc. 36 at 2.*

The denial of this motion is without prejudice to the filing of subsequent motions, such as motions for summary judgment.

## VI.     CONCLUSION

For the reasons stated above,

IT IS ORDERED that Plaintiffs' motion (*Court Doc. 18*) is DENIED.

DATED this 14th day of November, 2011.

/s/ Carolyn S. Ostby
United States Magistrate Judge